(No. 1053—

F. J. DeSale, Claimant, vs. State of Illinois, Respondent.

*Opinion filed March 28, 1929.*

Thomas P. Sinnett, J. J. Neiger and J. Hays Britton, for claimant.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Justice Leech delivered the opinion of the court:

The claimant in this case filed his sworn statement or declaration in the office of the Secretary of State on June 30th,

1926. The facts in the case, as disclosed by the record are substantially as follows: F. J. DeSale owned a Buick automobile; that on August 8, 1925, he permitted said car to be operated by one A. J. Coyle; that said A. J. Coyle was driving said automobile on State Route No. 5 to Rockford, Illinois, where he was to transact some business for himself and for the owner of the car, F. J. DeSale; that on August 8, 1925, the National Guard of the State of Illinois was in training at the encampment located at Rockford, Illinois; that the headquarters of said unit which was in training at said encampment was in Chicago, Illinois, and that a large army truck was being used by the National Guard in transporting the soldiers and equipment from Chicago to the encampment at Rockford and was using the most direct route or road known as Route No. 5, which was then and there a hard surfaced paved road, 18 feet in width, with a lane for both east and west traffic; that the car of plaintiff was driven by said Coyle westward on said road about 10 miles east of Rockford, Illinois, at about 10:00 or 10:30 P. M. in the night time and was driving said Buick at about the speed of 30 or 35 miles per hour and was in the exercise of all due care and diligence for his own safety and the safety of said automobile; that as said Coyle was driving said automobile of plaintiff along said road, he suddenly came upon a large truck parked on the right lane of said hard road or lane accommodating westward traffic without any lighted lamps visible; that he noticed said object when he was about a distance of 25 feet from it; that at the same time coming from the opposite direction was another car; that on account of the intense darkness the said Coyle was unable to turn to the right of said artillery truck parked on the right lane of said hard road lest he would run into a ditch; that to avoid hitting the object which proved to be an army truck belonging to the State of Illinois and which was being used by the National Guard, he chose to attempt to turn to the left of the said artillery truck; that the automobile coming from the west reached the spot and place at the same time, rendering it impossible for the plaintiff to clear said artillery truck and he ran into and collided against the body of said army truck and as a direct consequence of the collision both doors of the plaintiff's automobile were knocked off, the body torn from the chassis and crushed and destroyed beyond repair, the crank case was broken, and the frame bent,

and was in such condition that it was impossible to repair it; that he salvaged it for the sum of $69.00; that the blue book value of said Buick at that time was $800.00, and that he is therefore entitled to damages in the sum of $731.00.

The evidence offered by the plaintiff herein is not disputed or in any way contradicted. While there is no legal liability on the part of the State of Illinois to render an award in this case, we feel that in the interests of equity and social justice claimant should receive the amount of damages actually sustained by him, and we do accordingly award to him the sum of Seven Hundred and Thirty-one Dollars ($731.00).